NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FILOMENA BRAMBILA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-517

Agency No.
A087-887-791

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Filomena Brambila, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for

cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo claims of due process violations. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). We deny in part and dismiss in part the petition for review.

Brambila does not challenge the agency's determination that she did not establish the requisite hardship for cancellation of removal, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The BIA did not violate due process by adopting portions of the IJ's reasoning. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010) ("Where, as here, the BIA incorporates parts of the IJ's reasoning as its own, we treat the incorporated parts as the BIA's.").

Brambila's contention that the IJ failed to advise her of potential eligibility for relief is not properly before the court because she did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional).

We lack jurisdiction to consider Brambila's request regarding prosecutorial discretion. *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**